IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DAQUAN LAMONT STEVENS, | : | PRISONER HABEAS CORPUS |
| Inmate No. 1151206, | : | 28 U.S.C. § 2254 |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| DENNIS BROWN, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:09-CV-2878-TWT |

**FINAL REPORT AND RECOMMENDATION**

Petitioner, Daquan Lamont Stevens, has submitted the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [1] and seeks to challenge his convictions and sentences in the Fulton County Superior Court. The matter is presently before the Court on Respondent's Motion to Dismiss Petition for Lack of Exhaustion [6].

**I.   PROCEDURAL BACKGROUND**

On May 4, 2009, a Fulton County jury convicted Petitioner of malice murder, participation in criminal street gang activity, criminal attempt to commit armed robbery, two counts of aggravated assault, possession of a firearm during the commission of a felony, and conspiracy to commit murder. Stevens v. State,

690 S.E.2d 816, 817 n.1 (Ga. 2010).[1] Petitioner was sentenced to life in prison for malice murder, a consecutive ten years for attempted robbery, a consecutive twenty years for each count of aggravated assault, a consecutive five years for possession of a firearm during the commission of a crime, and a consecutive fifteen years for criminal street gang activity. Id.[2]

Petitioner filed a direct appeal of his convictions and sentences, raising the following issues:

(1) the trial court erred in not granting Petitioner's motion to suppress his November 7, 2007 statement that was improperly obtained through coercion without waiver of counsel;

(2) the trial court erred in allowing the State to enforce the April 23, 2009 Proffer "Agreement" that was made with hope of benefit; and

(3) the State's case was insufficient to support a conviction.

---

[1] Petitioner originally was one of nine defendants indicted for approximately thirty-nine criminal counts related to several robberies and murders. See Stevens, 690 S.E.2d at 817 n.1. Petitioner was later re-indicted as one of twelve defendants who collectively were indicted on sixty criminal charges. Id. Petitioner was tried jointly with five other defendants for ten criminal charges, and was acquitted of felony murder, aggravated assault with a deadly weapon, and another count of possession of a firearm during the commission of a felony. Id.

[2] The conspiracy to commit murder merged into the malice murder charge. Stevens, 690 S.E.2d at 817 n.1.

2

(Resp't Ex. 2 [7-3] at 8-12.)  The Georgia Supreme Court affirmed Petitioner's convictions and sentences on March 1, 2010.  <u>Stevens</u>, 690 S.E.2d at 819.

Petitioner signed the instant federal habeas Petition on September 28, 2009, while his appeal with the Georgia Supreme Court was still pending.  (Pet. 9.) Petitioner raises the following six grounds for relief herein:

(1) the arrest was "illegal," and Petitioner's statement was "[i]llegally gained," i.e., through coercion and without waiver of his right to counsel;

(2) Petitioner's Sixth Amendment rights to a fair trial by an impartial jury and to confront witnesses were violated;

(3) the prosecution failed to prove its case beyond a reasonable doubt;

(4) Petitioner received ineffective assistance of counsel because counsel failed to:

    (a) provide Petitioner with discovery information;

    (b) investigate any type of defense;

    (c) put up a defense;

    (d) adequately investigate facts and law, and gave misleading and incorrect information; and

    (e) remain aware and "observative" during trial;

(5) the trial court failed to prove jurisdiction to hear the matter; and

3

(6)     Petitioner was arrested without probable cause.

(Id. 6-7.)

## II.     EXHAUSTION REQUIREMENT

Respondent argues that the instant Petition is "mixed" and should be dismissed for lack of exhaustion. (Br. Supp. Mot. Dismiss [6-2] 2.) According to Respondent, Petitioner only raised part of ground one and ground three on direct appeal at the state court level. (Id. at 4.) Similarly, Petitioner asserts that, due to ineffective assistance of counsel, only part of ground one was exhausted. (Pet. ¶ 15.)

The Court cannot grant a writ of habeas corpus unless the Petitioner "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The Supreme Court has held that § 2254's exhaustion requirement mandates that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

Before the Court may review Petitioner's claims, he must present those claims in a state habeas corpus petition pursuant to O.C.G.A. § 9-14-1(c), allowing

4

"[a]ny person restrained of his liberty as a result of a sentence imposed by any state court of record [to] seek a writ of habeas corpus to inquire into the legality of the restraint."[3]  To preserve an issue for state habeas review in Georgia, a criminal defendant must make a timely objection at trial and then raise the issue on direct appeal.  O.C.G.A. § 9-14-48(d); Head v. Taylor, 538 S.E.2d 416, 418 (Ga. 2000) (quoting Black v. Hardin, 336 S.E.2d 754, 755 (Ga. 1985)).  Failure to raise an issue on appeal defaults the issue in state habeas corpus proceedings, unless the habeas petitioner can meet the cause and prejudice test.  Head, 538 S.E.2d at 418-19.

### A.     The Petition Contains Both Exhausted and Unexhausted Claims

As discussed in the undersigned's June 8, 2010, Order [8], the undersigned compared the three grounds set forth in Petitioner's state appeal with the six grounds asserted in his federal Petition.  Petitioner did, in fact, raise the following issues set forth in his federal habeas Petition on appeal: part of ground one

---

[3] In Georgia, a "full opportunity" in a state habeas corpus action includes "petition[ing] the Georgia Supreme Court for a certificate of probable cause to appeal the denial of [] state habeas [corpus relief]."  Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004) (per curiam).  Accordingly, § 2254 exhaustion requires that Petitioner pursue a state habeas petition in the appropriate superior court, and pursue any denial of such relief with the Georgia Supreme Court.

5

(statement "illegally gained") and ground three (insufficient evidence). (Compare Pet., with Resp't Ex. 2 at 7-13.) Therefore, Petitioner has exhausted those federal claims.

Petitioner, however, failed to exhaust the remaining grounds set forth in his federal Petition: part of ground one (illegal arrest), ground two (violation of his Sixth Amendment rights), ground four (ineffective assistance), ground five (trial court lacked jurisdiction), and ground six (lack of probable cause for arrest). Because Petitioner did not raise part of ground one, and grounds two, five, and six in his direct appeal, those claims are procedurally defaulted and he cannot exhaust those grounds through a state habeas action unless he can demonstrate cause and prejudice for the default. See Head, 538 S.E.2d at 418-19.

Contrarily, Petitioner may pursue ground four in a state habeas action. Under Georgia law, a petitioner is required to raise ineffective assistance of counsel claims at counsel claims at "the earliest practicable moment." White v. Kelso, 401 S.E.2d 733, 734 (Ga. 1991). Because Petitioner's trial counsel also represented him on direct appeal, petitioner could not have raised his ineffective assistance claim at that time. Thus, Petitioner still may pursue that unexhausted claim in a state habeas corpus action pursuant to O.C.G.A. § 9-14-1.

6

The Supreme Court has dubbed habeas applications like Petitioner's–asserting both exhausted and unexhausted claims–"mixed" petitions. Rose v. Lundy, 455 U.S. 509 (1982). Such petitions must be dismissed without prejudice, thereby allowing petitioners to resubmit only their exhausted claims, or to pursue total exhaustion of state court remedies before bringing a federal habeas action. Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998) (citing Rose, 455 U.S. at 519-20). Alternatively, Rose permits a petitioner to amend his habeas application "to delete the unexhausted claims, rather than returning to state court to exhaust all of his claims." Rose, 455 U.S. at 520; see also Burton v. Stewart, 549 U.S. 147, 153-54 (2007) (per curiam) (citing Rose and stating that prisoner may withdraw mixed petition in order to exhaust remaining claims before returning to district court, or may withdraw unexhausted claims).[4]

---

[4] The undersigned recognizes that, in certain circumstances, it is appropriate to stay a federal habeas corpus action to allow the petitioner to return to state court to exhaust his claims. See Thompson v. Sec'y for Dep't of Corr., 425 F.3d 1364, 1366 (11th Cir. 2005) (per curiam). Such a stay should be granted only "if (1) the petitioner had 'good cause' for failing to exhaust the claims in state court; (2) the unexhausted claims are 'potentially meritorious;' and (3) 'there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.'" Id. (citing Rhines v. Weber, 544 U.S. 269 (2005)). Petitioner has not established good cause for failing to pursue his ineffective assistance claim through a state habeas corpus action. Therefore, a stay of the instant Petition is not appropriate.

### B.   The Instant Mixed Petition Should be Dismissed.

The undersigned engaged in the foregoing analysis in the June 8, 2010 Order, and directed Petitioner to file a notice with the Court within thirty days, indicating whether he intends to (1) amend his federal Petition by withdrawing part of ground one (illegal arrest), and grounds two, four, five, and six–the unexhausted grounds, or (2) withdraw his federal Petition entirely so that he can exhaust his state court remedies.[5]  Petitioner was notified that if he did not respond to the undersigned's Order, the undersigned would recommend that the instant mixed Petition be dismissed without prejudice.   As of the date of this Order, Petitioner has failed to respond.

### III.   CONCLUSION

Accordingly, the undersigned **RECOMMENDS** that respondent's Motion to Dismiss Petition for Lack of Exhaustion [6] be **GRANTED** and that the Petition [1] be **DISMISSED WITHOUT PREJUDICE** for lack of complete exhaustion.

---

[5] In the June 8, 2010 Order, the undersigned observed that Petitioner may not be able to exhaust the remainder of ground one, and grounds two, five, and six through a state habeas action unless he can demonstrate cause and prejudice for procedurally defaulting those grounds. (See Order of June 8, 2010, at 9 n.6.)

### IV.  CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In order for the certification requirement to fulfill its function of weeding out frivolous appeals, a court should not automatically issue a certificate of appealability; rather, the applicant must prove "'something more than the absence of frivolity'" or "the existence of mere 'good faith' on his or her part."  Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (citations omitted).

Petitioner need not prove, however, that some jurists would grant the petition for habeas corpus.  Miller-El, 537 U.S. at 338.  "The question is the debatability of the underlying constitutional claim, not the resolution of that debate."  Id. at 325.  In other words, Petitioner need only demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In this case, neither party has suggested any reason for doubting that the vast majority of Petitioner's grounds for relief are unexhausted, and Petitioner declined the opportunity to amend the Petition to withdraw the unexhausted claims or to withdraw the Petition entirely.  Petitioner, therefore, would not be able to

9

demonstrate "a substantial showing" of being denied a "constitutional right" as a result of having this action dismissed without prejudice for failure to exhaust state remedies.

Therefore, the undersigned **RECOMMENDS** that a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the District Judge's referral of the instant case to the undersigned Magistrate Judge.

**SO RECOMMENDED** this 18th day of August, 2010.

_/s/ Walter E. Johnson_
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

10

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DAQUAN LAMONT STEVENS, | : | PRISONER HABEAS CORPUS |
| Inmate No. 1151206, | : | 28 U.S.C. § 2254 |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| DENNIS BROWN, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:09-CV-2878-TWT |

## **ORDER FOR SERVICE OF FINAL REPORT AND RECOMMENDATION**

Let this Final Report and Recommendation of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and the Court's Local Rule 72.1B, be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Final Report and Recommendation within fourteen days of the receipt of this Order. Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to any transcripts if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the

AO 72A
(Rev.8/82)

Final Report and Recommendation may be adopted as the opinion and order of the District Court, and any appellate review of factual findings will be limited to a plain error review. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

The Clerk is directed to submit the Final Report and Recommendation with objections, if any, to the District Court after expiration of the above time period.

**SO ORDERED,** this 18th day of August, 2010.

_Walter E. Johnson_
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)